# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA ,

                                Plaintiff,

    vs.

JORGE FARIAS,

                             Defendant.

CASE NO. 08CR3679-LAB

**ORDER DENYING MOTION TO DISMISS INDICTMENT ON THE BASIS OF INVALIDITY OF PRIOR DEPORTATION**

      This order supplements the Court's order from the bench, denying the motion of Defendant Jorge Farias under 8 U.S.C. § 1326(d) to dismiss the indictment for invalidity of the prior deportation.  The current motion, docket number 87, renews and incorporates by reference the earlier motion, docket number 22, filed January 11, 2009, which the Court also denied.

      In this collateral attack on his deportation, Mr. Farias bears the burden of showing he exhausted all administrative remedies available to him, the removal proceedings improperly deprived him of an opportunity for judicial review, and the entry of the order was fundamentally unfair.  *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000).  *See also United States v. Hinojosa-Perez*, 206 F.3d 832, 837 (9th Cir. 2000) (requiring defendant to prove he was not properly notified of deportation proceeding)*; United States v. Garcia-Martinez*, 228 F.3d 956, 963 (9th Cir. 2000) (requiring defendant to demonstrate prejudice from alleged procedural defect in deportation proceeding).  A "presumption of regularity"

1    attaches to the deportation order, and Mr. Farias bears the burden of presenting evidence
2    to overcome this presumption.  *Parke v. Raley*, 506 U.S. 20, 29 (1992).

3        The motion summarizes the immigration proceedings Mr. Farias was subject to
4    (Docket no. 22 at pages 1-4.)  Farias was represented by attorney Bill Waddell, who in July,
5    1998, entered a notice of appearance as his attorney of record for "All Immigration Matters."
6    (Ex. E.)  The removal hearing was set and rescheduled several times, but the salient points
7    are that both Mr. Waddell and the immigration judge used slightly wrong addresses, giving
8    Farias' apartment number as either 211 or 214 instead of the correct number, 2H, although
9    the remainder of the address was correct.  Farias resided in that apartment with his mother
10   and two siblings.

11       On a change of venue motion (Ex. K), seeking to have the removal proceedings held
12   in San Diego, Mr. Farias says he wrote in the correct apartment number, but the order
13   granting the change of venue repeated the wrong number.  At the rescheduled removal
14   hearing on October 7, 1998 in San Diego, Mr. Farias didn't show up.  Mr. Waddell told the
15   immigration judge he had tried to contact Mr. Farias and had mailed Farias a notice of the
16   hearing, had sent messages to Farias' pager, and had contacted Farias' mother (who didn't
17   know where Farias was), but to no avail.  In support of the motion, Mr. Farias presents an
18   affidavit that he never received notice of the hearing.  The change of venue motion says Mr.
19   Farias would concede removal but would apply for cancellation of removal.

20       Neither the original nor the renewed motion provides evidence of what was said at the
21   removal hearing.  It represents that Mr. Farias' then attorney, Mr. Fakhoury, had listened to
22   a recording of the hearing, and could provide a transcript if needed but did not do so
23   because of limited time.  The renewed motion, filed over two and a half years later, does not
24   provide a transcript nor was any evidence offered at the hearing, although it selectively
25   quotes findings at the hearing.

26       Before Mr. Farias collaterally attacks his deportation, he must first have exhausted
27   administrative remedies, including a direct appeal.   § 1326(d)(1); *United States v.*
28   *Garza-Sanchez*, 217 F.3d 806, 808 (9th Cir. 2000).   He admits he hasn't exhausted

1  remedies, but blames this on the lack of notice.  Specifically, he argues:

2       Mr. Farias was not present at his removal proceeding and was thus unable
     to exhaust any administrative remedies. Under 8 U.S.C. §
3       1229a([b])(5)(C)(I), an alien seeking to reopen his in absentia removal must
     file a motion to reopen within 180 days of the removal order. Here, Mr.
4       Farias was not informed of his removal from the United States until 2008.
     He simply could not file a motion to reopen at the time he learned of his
5       removal from the United States. Additionally, as detailed below, Mr. Farias's
     did not "intelligently" waive his right to appeal because he was not present
6       at his removal hearing and did not receive notice of his removal until 2008.
     Therefore, his failure to exhaust administrative remedies is excused.

7

8  Motion at 5:26-6:5.

9       The first problem with this argument is that it cuts off half the relevant subsection,

10  misleadingly omitting entirely the provision that would apply in this case, and that has no time

11  limit:

12       (C) Rescission of order

13       Such an order may be rescinded only--

14       (I) upon a motion to reopen filed within 180 days after the date of the order
     of removal if the alien demonstrates that the failure to appear was because
15       of exceptional circumstances (as defined in subsection (e)(1) of this
     section), or

16
     **(ii) upon a motion to reopen filed at any time if the alien demonstrates**
17       **that the alien did not receive notice in accordance with paragraph (1)**
     **or (2) of section 1229(a) of this title** or the alien demonstrates that the
18       alien was in Federal or State custody and the failure to appear was through
     no fault of the alien.

19

20  (emphasis added).  8 U.S.C. § 1229a([b])(5)(C).

21       Mr. Farias' claim that the 180-day time limit was absolute even if he demonstrates he

22  didn't receive proper notice is wrong.  Under subsection (ii), Farias therefore could have

23  sought rescission of the deportation order "at any time" on the same basis he's now

24  attempting to use in this proceeding. His arguments about whether the deportation order

25  should be rescinded should have been addressed to the Board of Immigration Appeals, not

26  to this Court in the first instance.  Furthermore, Mr. Farias has never attempted to exhaust

27  his administrative remedies, even after he concededly learned about the removal hearing.

28  / / /

1   This alone would require denial of the motion, under *Garza-Sanchez*, 217 F.3d at 808.

2   But it is not the only reason for denial.

3       The second problem with Farias' argument is that his own pleadings show he **was**

4   given adequate notice, even if in fact he didn't know about the hearing.  Under 8 U.S.C.

5   § 1229(a)(1) and (2), written notice is to be given to the alien personally, or, if that isn't

6   practical, "through service by mail to the alien or to the alien's counsel of record, if any . . . ."

7   Here, in-person notice obviously wasn't practical, so mailing the notice to Farias' attorney

8   was acceptable.  It wasn't necessary that Farias personally receive the notice.  This was

9   approved in *Dobrota v. I.N.S.*, 311 F.3d 1206, 1211-12 (9th Cir. 2002).  There, the Ninth

10  Circuit held that

11      [Section 1252b(c)(1) and (2)] and our case law make clear that "[a]n alien
        does not have to actually receive notice of a deportation hearing in order for

12      the requirements of due process to be satisfied." *Farhoud* [*v. INS*], 122 F.3d
        [1222 F.3d 794, 796 (9th Cir. 1997).]  Rather, the INS may generally satisfy

13      notice requirements by mailing notice of the hearing to an alien at the
        address last provided to the INS, *Urbina-Osejo v. INS*, 124 F.3d 1314, 1317

14      (9th Cir.1997); *Arrieta v. INS*, 117 F.3d 429, 431-32 (9th Cir.1997); 8 C.F.R.
        § 3.26(c) (1995), **or, if she is represented, to her attorney's address of**

15      **record**. *See Garcia v. INS*, 222 F.3d 1208, 1209 (9th Cir.2000) (notice was
        adequate where served only upon petitioners' attorney).

16

17  (emphasis added).  Because Mr. Farias was represented by counsel, notice to his attorney

18  was legally sufficient, and no more was required.

19      Farias' argument also fails because he must show prejudice even for procedural

20  errors.  *United States v. Alvarado-Delgado*, 98 F.3d 492, 493–94 (9th Cir. 1996) (en banc)

21  493-94.  He attempts to show this by arguing he should have been advised that he was

22  eligible for voluntary departure or cancellation of removal.  To show prejudice, he must show

23  there are "plausible grounds of relief which might have been available to him but for the

24  deprivation of rights."  Id. at 494.  But Farias was ineligible for either of these because of an

25  earlier aggravated felony conviction.  At the time of his removal hearing, he had already

26  pleaded guilty to a violation of Cal. Penal Code § 417.3, for brandishing a firearm in the

27  presence of a motor vehicle occupant.  That statute provides:

28  / / /

1
2
3
4
5

> Every person who, except in self-defense, in the presence of any other person who is an occupant of a motor vehicle proceeding on a public street or highway, draws or exhibits any firearm, whether loaded or unloaded, in a threatening manner against another person in such a way as to cause a reasonable person apprehension or fear of bodily harm is guilty of a felony punishable by imprisonment in the state prison for 16 months or two or three years or by imprisonment for 16 months or two or three years and a three thousand dollar ($3,000) fine.

6    Farias was given a 16 month sentence for this offense.

7          Under 8 U.S.C. § 1101(a)(43)(F), this crime is an aggravated felony that rendered
8    Farias ineligible for the relief he says he was denied an opportunity to seek, cancellation of
9    removal or voluntary departure, if it is a "crime of violence" under 18 U.S.C. § 16(a) or (b)
10   and if Mr/ Farias was sentenced to a year or more (which he was).  *Reyes-Alcaraz v.*
11   *Ashcroft*, 363 F.3d 937, 941 (9th Cir. 2004) held that a violation of a similar statute, Cal.
12   Penal Code § 417.8 (brandishing a firearm to resist or prevent arrest) was categorically a
13   crime of violence under § 16(a).  Because § 417.3 includes as an element the threat of
14   violence, it is also categorically a crime of violence under § 16(a), but even if not, it certainly
15   falls under the residual provision of § 16(b), as the Court explained in its oral denial of the
16   motion.

17         Mr. Farias has presented no evidence the immigration judge failed to advise him
18   about available relief, even though such evidence (if it exists) is in his control.  But even if
19   he had shown this, it is clear Mr. Waddell knew about such relief, because his motion to
20   transfer venue mentions an intent to seek cancellation of removal.

21         Mr. Farias also charges Mr. Waddell with ineffective assistance of counsel, as a way
22   of avoiding Waddell's notice and actions being attributed to him.  Reyes does have the right
23   to effective assistance of retained counsel.  *Reyes v. Ashcroft*, 358 F.3d 592, 596 (9th Cir.
24   2004). But he is required to raise this on direct review.  *Id.*  (discussing B.I.A.'s review of
25   ineffective assistance of counsel claims).  Had he tried to do so, he would have had to
26   comply with some requirements, designed (among other things) to "weed out false and
27   frivolous claims [and] reduce[ ] petitioners' ability to slip meritless claims past the Board. .
28   . . ."  *Id.* Those requirements are:

1
2
3

> He must provide "(1) an affidavit by the alien setting forth the agreement with counsel regarding the alien's representation; (2) evidence that counsel was informed of the allegations and allowed to respond; and (3) an indication that a complaint has been lodged with the bar, or reasons explaining why not."

4   *Id.* (citing *Matter of Lozada*, 19 I. & N. Dec. 637, 639, 1988 WL 235454 (BIA 1988).)

5   Obviously, Mr. Farias never sought direct review, so he could not have complied with these

6   requirements. While compliance with *Lozada*'s requirements is not mandated by the Ninth

7   Circuit, *Hernandez-Mendoza v. Gonzales*, 537 F.3d 976, 978 (9th Cir. 2007), there are sound

8   policy reasons for the B.I.A. to apply it, and they appear particularly apt here, where Mr.

9   Farias is supporting his claim for relief by pointing the finger at absent counsel.  In any event,

10  failing to seek the required review is not an approved means of circumventing the ordinary

11  requirements.  *See United States v. Villavicencio-Burruel*, 608 F.3d 556, 559 n.9 (9th Cir.

12  2010) (finding defendant had not demonstrated ineffective assistance of counsel, where he

13  "introduced neither an affidavit nor any record evidence detailing the purportedly ineffective

14  acts of his counsel").

15          Finally, all evidence presented shows Mr. Waddell was not ineffective.  Mr. Waddell

16  went to great lengths to find Mr. Farias and notify him of the hearing.  And when he could

17  not find Mr. Farias, Mr. Waddell appeared at the hearing, represented him, and sought relief

18  on his behalf in a manner showing he was knowledgeable about immigration law and Mr.

19  Farias' case. Even accepting that mail addressed to Mr. Farias at apartment 211 or 214 was

20  not delivered to him at apartment 2H, sending mail to the right apartment number would

21  likely have made no difference.  Farias would not have received any notice sent to the

22  apartment, because he was not there and was out of contact with his family members who

23  were living there. *See Hinojosa-Perez*, 206 F.3d at 836–37 (rejecting district courts's finding

24  that a notice sent to defendant's old address "might well" have reached him, because

25  defendant provided no evidence to show anyone living at that address could have forwarded

26  mail to him).  All this is suggested by the record, and Mr. Farias has offered no evidence to

27  support a contrary finding.

28  / / /

1    In short, all evidence shows the removal hearing was conducted as prescribed by law,

2  and that even if any procedural irregularities occurred, they were not prejudicial.  Mr. Farias

3  was ineligible for any relief such as cancellation of removal or voluntary departure.  He has

4  presented only scant evidence, and no binding or persuasive authority to support his claims.

5  The motion to dismiss the indictment is therefore **DENIED**.

6    **IT IS SO ORDERED**.

7  DATED:  August 5, 2011

8

9  **HONORABLE LARRY ALAN BURNS**
United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

08cr3679