**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JORGE FARIAS,<br><br>                               Petitioner,<br><br>v.<br><br>UNITED STATES MARSHALS SERVICE,<br><br>                              Respondent. | Case No.: 3:17-cv-02107-H-BLM<br><br>**ORDER DISMISSING § 2255 HABEAS PETITION** |

On September 22, 2017, Petitioner Jorge Farias filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Central District of California. (Doc. No. 1.) On October 12, 2017, the Central District construed the petition as one under 28 U.S.C. § 2255, and transferred it to this Court. (Doc. No. 3.) On March 1, 2018, the Court ordered Farias to show cause why his petition should not be dismissed, citing four potential jurisdictional and procedural defects apparent from the petition's face. (Doc. No. 7.) The Court ordered Farias to file a response on or before April 2, 2018. (Id.) No response has been filed as of the time of this order. For the reasons below, the Court dismisses the petition.

In August of 2011, Farias was convicted of one count of attempted re-entry after deportation. (United States v. Farias, No. 3:08-cr-03679-H-1, Doc. No. 116.) The Court sentenced Farias to sixty-eight months' imprisonment plus three years of supervised release. (Id. Doc. No. 116.) The Ninth Circuit affirmed Farias' conviction on December 20, 2012, United States v. Farias, 502 F. App'x 682 (9th Cir. 2012) (mem.), and the Supreme Court denied certiorari on October 7, 2013. Farias v. United States, 134 S. Ct. 120 (2013) (mem.). Farias represents in this petition that he was released from custody on April 1, 2013, and his supervised release ended on April 1, 2016. (Doc. No. 1.)

"Motions to vacate a sentence under 28 U.S.C. § 2255 are expressly available only to 'a prisoner in custody.'" United States v. Reves, 774 F.3d 562, 565 (9th Cir. 2014); see also Maleng v. Cook, 490 U.S. 488, 490–91 (1989) (petitioner must be "in custody," which includes supervised release and probation, when the motion is filed). Farias' supervised release terminated in 2016. Farias is therefore no longer in federal custody on his conviction for attempted re-entry, and the Court thus lacks jurisdiction to consider the petition.

Further, § 2255 petitions must be brought against the United States and served upon the United States Attorney. See 28 U.S.C. § 2255(b) ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney . . . ."); Means v. Alabama, 209 F.3d 1241, 1242 (11th Cir. 2000) (per curiam) ("§ 2255 designates the United States Attorney as the proper defendant in such an action."). Farias has brought this lawsuit against the United States Marshals Service. Farias' petition is therefore fatally procedurally defective.

Moreover, petitions brought under § 2255 must be brought within one year after the challenged conviction became final, subject to certain exceptions not relevant here. 28 U.S.C. § 2255(f)(1). Farias' conviction became final on October 7, 2013, when the

2

3:17-cv-02107-H-BLM

Supreme Court denied his petition for certiorari. See Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987) (a conviction is final in the context of habeas review when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied"). Because Farias did not file this petition until September 22, 2017, the petition is barred by § 2255's statute of limitations.

Finally, to the extent the petition seeks to assert any claim against federal detention officers, the Court notes that by "its terms, 28 U.S.C. § 2255 applies only to prisoners 'claiming the right to be released' upon one of a few enumerated grounds." Nettles v. Grounds, 830 F.3d 922, 931 n.6 (9th Cir. 2016) (en banc). Although a prisoner may be able to bring claims under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971) and the Federal Tort Claims Act to remedy tortious conduct, see Nettles, 830 F.3d at 931 n.6, such claims are not cognizable in a § 2255 proceeding. See Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979) ("According to traditional interpretation, the writ of habeas corpus is limited to attacks upon the legality or duration of confinement."); Ozsusamlar v. Chavez, No. 1:12-cv-2052-JLT, 2013 WL 79946, at *1 (E.D. Cal. Jan. 4, 2013) (collecting cases for the proposition that conditions of confinement claims must be brought in a Bivens action, and not in habeas proceedings).

Accordingly, the Court dismisses the petition: (i) for lack of subject matter jurisdiction; (ii) for failure to serve the proper defendant; (iii) as time-barred; and (iv) for bringing claims not cognizable in a habeas proceeding.

**IT IS SO ORDERED.**

DATED: May 1, 2018

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

3
3:17-cv-02107-H-BLM